IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:10-CV-127 |
| § | | |
| RICK THALER, § | | |
| Director, Texas Dep't of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION TO**
**DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is petitioner R. Wayne Johnson's handwritten[1] Petition for Writ of Habeas Corpus. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief be DISMISSED.

By the instant petition, petitioner challenges a prison disciplinary proceeding for theft, number "09-0308280" ("Petition," pg. 2), that occurred in July 2009. Petitioner states he was found guilty of theft. Petitioner fails to indicate whether he properly pursued and was denied relief in the

---

[1]The Court notes that petitioner has once again filed a handwritten habeas corpus petition. The Local Rules of this Court require a petitioner utilize a form adopted by the District when filing habeas corpus petitions. Petitioner Johnson has filed with this Court alone more than ten habeas corpus petitions pursuant to 28 U.S.C. § 2254. At least as early as March 11, 2004, petitioner knew the federal courts for the Northen District of Texas require all petitioners to utilize a form petition adopted by the District. *Johnson v. Dretke*, 2:03-CV-361, "Order to Submit Form Petition," doc. 6 (N.D. Tex, Amarillo Division, filed March 11, 2004). Through the years, petitioner has continued to contumaciously refuse to comply with the simple rule that he utilize the form required by the District. As in the case at bar, the Court has issued Report and Recommendations on petitioner's petitions without requiring a form, for the sake of judicial economy. It bears noting, however, that petitioner is clearly cognizant of the rules of the Court and has consistently chosen to disregard them.

grievance process of the Texas Department of Criminal Justice. At the time he filed the petition, petitioner was incarcerated at the Clements Unit in Potter County, Texas.

As a result of the disciplinary proceeding, petitioner was punished by remaining classified at "Line 3." In the instant petition, petitioner reasons that a Line 3 classification prevents a prisoner from receiving any good-time credits, which inevitably impacts the duration of his sentence. The Fifth Circuit has already passed upon a prisoner's argument that a reduction in good-time-earning status creates enough of liberty interest to challenge such actions in a habeas corpus proceeding. That court has determined such an argument is without merit. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). This Court is bound by the Fifth Circuit's determination. Petitioner indicates the only punishment he suffered as a result of the disciplinary proceeding was in the form of remaining at the same line classification. Line classification is a form of punishment outside the bounds of habeas corpus proceedings. *Id.* Consequently, petitioner does not meet the basic requirements of eligibility to bring suit in habeas corpus.

Moreover, petitioner fails to point out any Due Process violations occurring during the disciplinary proceeding itself. Instead, petitioner dedicated the entirety of his petition to the argument that line classification creates a liberty interest. Petitioner failed to show how, even if the Court were to agree with his position that his line classification qualified him to bring a habeas corpus petition, respondent violated any of the minimum procedures required by due process in the context of prison disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 558-59, 94 S.Ct. 2963, 2976, 41 L.Ed.2d (1974).

Petitioner has not suffered a loss for which he may receive relief in habeas corpus. *See Malchi*, 211 F.3d at 959. He has not presented any area in which the disciplinary proceedings

themselves were deficient under the *Wolff* standards. *See* 418 U.S. at 558-59, 94 S.Ct. At 2976. Consequently, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner R.WAYNE JOHNSON be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of July, 2011.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).